GARY R. GUELKER (8474)
**RESNICK & LOUIS, PC**
222 South Main Street, 5th Flr.
Salt Lake City, Utah 84101
Telephone:  801-960-3655
Email:  gguelker@rlattorneys.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DANIEL J. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC and COLUMBIA RIVER ARMS, LLC,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Case Number 2:18-cv-00327-RJS<br><br>Judge Robert J. Shelby<br><br>[Formerly Third District Court, Salt Lake County, State of Utah – Case No. 180901966] |

Defendants hereby remove Case No. 180901966 from the Third Judicial District Court, Salt Lake County, State of Utah to the United States District Court for the State of Utah, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for its removal state as follows:

### STATEMENT OF THE CASE

1.      On March 20, 2018, plaintiff Daniel J. Williams filed a Complaint in Utah's Third Judicial District Court for Salt Lake County styled *Williams v. Black Hole Weaponry, et al.,* Case No. 180901966 (the "State Court Action").  A Copy of the Complaint is attached hereto as Exhibit "A".

1

2.      All defendants were served with the summons and complaint on March 21, 2018. A copy of the Summons and Return of Service for each defendant is attached hereto as Exhibit "B".

3.      The Complaint purports to assert three causes of action, including (a) strict products liability, (b) negligence and (3) punitive damages.  Each of plaintiff's claims is based on his contention that defendants negligently or recklessly manufactured and sold to plaintiff a defective rifle barrel, which resulted in injury to plaintiff upon use.

4.      The relief plaintiff seeks includes (a) compensatory damages in the amount of $500,000, (b) a determination by the Court that defendants' actions were willful, malicious, fraudulent or recklessly indifferent, (c) punitive damages in the amount of $1,000,000, and (d) costs and attorneys' fees.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between plaintiff and defendants Black Hole Weaponry, Black Hole, LLC And Columbia River Arms, LLC, and more than $75,000 exclusive of interests and costs is at stake.

6.      Plaintiff alleges that he is a resident of the state of Utah and that he resides at 6842 South Cyclamen Drive, West Jordan, Utah.

7.      Defendant Black Hole Weaponry, LLC is not a citizen of Utah.  As alleged in plaintiff's complaint, Black Hole Weaponry, LLC is an administratively dissolved limited liability company organized under the laws of the state of Oregon with an address of 514 Milton Way, St. Helens, Oregon.

8.      Defendant Black Hole Weaponry is not a citizen of Utah.  As alleged in plaintiff's complaint, Black Hole Weaponry is an assumed business name of defendant Black Hole Weaponry, LLC, an administratively dissolved limited liability company organized under the laws of the state of Oregon with an address of 514 Milton Way, St. Helens, Oregon.

9.      Defendant Columbia River Arms, LLC is not a citizen of Utah.  As alleged in plaintiff's complaint, Columbia River Arms, LLC is a limited liability company is organized under the laws of the state of Washington with an address of 9367 Road 10 NE, Moses Lake, Washington.

10.     Removal of this action is timely under 28 U.S.C. § 1446(b), as less than thirty-days has elapsed since the defendants were served with a copy of the Complaint.

11.     Written notice of this removal is being served this date on counsel for the plaintiff.

12.     A true and correct copy of this notice is being filed this date with the Clerk of the Third Judicial District Court, Salt Lake County, State of Utah.

13.      As mentioned above, a copy of the complaint is attached hereto as Exhibit "A". Copies of each defendant's summons and return of service are attached hereto as Exhibit "B".  A copy of the defendants' Answer and Jury Demand is attached hereto as Exhibit "C".  This comprises all the documents served upon or filed by the defendants.

14.     Based on the foregoing, the defendants hereby remove the action against them from the Third Judicial District Court in and for Salt Lake County, State of Utah, to the United States District Court for the District of Utah, Central Division.

DATED this 20th day of April 2018.

**RESNICK & LOUIS, PC**

By: __/s/ *Gary R. Guelker*
    GARY R. GUELKER
    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of April 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the court's electronic filing system, which will send notification to the following:

> James P. Alder
> ALDER LAW GROUP, PC
> jim@utahtrustattorneys.com
> Attorneys for plaintiff

By: Gary R. Guelker
     Employee of Resnick & Louis, P.C.

Exhibit "A"

Served _____
Relationship_____
Time _____ Date _____
Address _____

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS<br><br>v.<br><br>BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | COMPLAINT<br><br>Civil No. 180901966<br><br>Judge Patrick Corum |

Plaintiff, DANIEL J. WILLIAMS, by and through his attorney, James P. Alder of Alder Law Group, P.C., hereby complains and alleges as follows:

### **PARTIES**

1. Plaintiff, Daniel J. Williams, is a citizen of the State of Utah, residing at 6842 S. Cyclamen Dr., West Jordan, UT 84081.

2. Defendants Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC design and manufacture firearms components and related products, including rifle barrels. These Defendants held themselves out to the firearms community generally,

and to Plaintiff Daniel J. Williams, in particular, as manufacturers, providers and sellers of firearms components, including rifle barrels.

3. Defendant Black Hole Weaponry (hereinafter "BHW") is an assumed business name in the State of Oregon, owned and registered to Black Hole Weaponry, LLC, with an address of 514 Milton Way, Saint Helens, OR 97051.  At all times relevant hereto, BHW was engaged in Utah in the marketing, distributing, promoting and selling of rifle barrels.

4. Defendant Black Hole Weaponry, LLC (hereinafter "BHW, LLC") is an administratively dissolved Oregon limited liability company with an address of 514 Milton Way, Saint Helens, OR 97501.  At all times relevant hereto, BHW, LLC was engaged in Utah in the marketing, distributing, promoting and selling of rifle barrels.

5. Defendant Columbia River Arms, LLC (hereinafter "Columbia") is a Washington limited liability company registered as a foreign limited liability company in the State of Oregon, with an address of 9367 Road 10 NE, Moses Lake, WA, 98837.  At all times relevant hereto, Columbia was engaged in Utah in the marketing, distributing, promoting and selling of rifle barrels.

## JURISDICTION AND VENUE

6. Jurisdiction is appropriate in the State of Utah pursuant to URCP 17(e) and UCA § 78B-3-201 et seq.

7. Venue as to all claims is appropriate in Salt Lake County pursuant to UCA § 78B-3-306 and § 78B-3-307.

## FACTUAL BACKGROUND

8. Daniel J. Williams (hereinafter "Plaintiff") purchased a rifle barrel chambered in the caliber 6.5 Creedmoor (hereinafter "6.5CM") from Black Hole Weaponry's website in October of 2015.

9. Said barrel was installed on his rifle in early January 2016.

10. During a competitive shooting match the first weekend of April, 2016, Plaintiff experienced a case head separation about half-way through the match.

11. Plaintiff's rifle was visually inspected at the match by a highly respected gunsmith, Eric Smith of E.S. Tactical, who perceived that something was likely wrong with the barrel and that it was incorrectly head-spaced.

12. Mr. Smith retained possession of the rifle after the match and together with the Plaintiff, contacted Defendants by telephone, asking if the barrel was supposed to have a bolt nose recess, which it did not.

13. Plaintiff and Mr. Smith were informed by Defendants that the barrel should have had a bolt nose recess.

14. Defendants also informed Plaintiff and Mr. Smith that they would most likely replace the defective barrel with a new barrel after inspection upon its delivery to their premises in Oregon, but may repair the defective barrel.

15. Mr. Smith shipped the barrel to Defendants for inspection and corrective action.

16. The barrel was received by Defendants at their Oregon address on April 14, 2016.

17. Defendants shipped a barrel back to Plaintiff on April 15, 2016, which was received by Plaintiff on April 19, 2016.

18. The barrel received by Plaintiff was obviously a used barrel, which showed considerable throat erosion upon inspection by Mr. Smith using a bore scope on the date it was delivered to him by Plaintiff for re-installation on Plaintiff's rifle on April 21, 2016.

19. Plaintiff and Mr. Smith noted that the laser markings on the barrel received back from Defendants were different than on the barrel returned to Defendants for corrective action.

20. The laser markings on the returned barrel had been placed lengthwise along the barrel, near the barrel's chamber.

21. The laser markings on the returned barrel are located around the circumference of the barrel, just below the muzzle of the barrel.

22. Mr. Smith re-installed the barrel on Plaintiff's rifle using standard barrel mounting procedures and Plaintiff took the rifle shooting on the morning of May 3, 2016.

23. Upon firing the fourth round since the barrel had allegedly been corrected by Defendants, the barrel exploded in Plaintiff's face and he was rushed to Lakeview Hospital in Bountiful, Utah for emergency treatment.

24. Emergency room personnel looked at Plaintiff's eyes, took his vitals, stabilized him, gave him Tramadal for his pain and referred him to Dr. Wing at the Eye Center of Bountiful Hills for further treatment.

25. Plaintiff was taken directly to Dr. Wing, who removed eleven shards of material from Plaintiff's left eye and more than twenty shards of material from his right eye.

26. Plaintiff continued to visit Dr. Wing each day for the next four days to remove additional shards from his eyes, with a final visit one week after that.  At a June 3, 2016 follow-up appointment, Mr. Williams learned that the damage to his eyesight caused by the explosion was permanent and that he would need prescription lenses to correct his vision.

27. Plaintiff had enjoyed 20/20 vision up until the time of the barrel explosion, whereas his vision is now 50/20 in his left eye and 30/20 in his right eye.

28. The rifle was returned to Mr. Smith for further examination on May 5, 2016.  Mr. Smith's subsequent examination of the rifle determined that the chamber of the barrel was approximately 0.130" short, causing the case web to be exposed, which led to a catastrophic failure from an unsupported case wall.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Strict Liability)

29. Plaintiff is in the class of persons that the Defendants should reasonably foresee as being subject to the harm caused by defectively designed rifle barrels as Plaintiff was the type of person for whom the rifle barrel was intended to be used.

30. Defendants, which are engaged in the business of selling the products, manufactured and supplied rifle barrels and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

31. The rifle barrel supplied to Plaintiff was defective in design and formulation and unreasonably dangerous when it left the hands of Defendants, the manufacturers and suppliers, and they reached the user and consumer of the products, Plaintiff, without substantial alteration in the condition in which they were sold.

32. The rifle barrel manufactured by Defendants was unreasonable and dangerously defective beyond the extent contemplated by ordinary consumers with ordinary knowledge regarding these products.

33. Defendants' rifle barrel was defective due to inadequate inspection and quality control because, after Defendants knew or should have known of the risk of injury from their rifle barrel after it was initially returned to them for correction, they failed to adequately inspect and insure that the barrel conformed to all necessary manufacturing specifications for a 6.5CM barrel.

34. The product defects alleged above were a substantial contributing cause of the injuries suffered by Plaintiff. Specifically, the explosion of Defendants' rifle barrel caused Plaintiff to suffer the permanent loss of vision in both eyes, severe pain and discomfort, multiple medical procedures to remove material from his eyes. Plaintiff will require future corrective vision treatment for his eyes due to the reduced vision suffered and continuing and potentially accelerated deterioration of his vision over time. In addition, Plaintiff has suffered mental distress and anguish and has suffered permanent impairment of the use and function of his vision.

35. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered the permanent loss of visual ability.  Plaintiff will also require future medical care for his eyes as he ages.  In addition, Plaintiff has suffered lost wages, mental distress and anguish and has suffered permanent impairment of the use and function of his eyes and other damages.

## SECOND CAUSE OF ACTION
### (Negligence)

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

37. At all times relevant to this action, Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care, in their inspection, examination, repair and correction of their product, which was already reported to be defective.

38. At all times relevant to this action, Defendants knew or reasonably should have known that the rifle barrel was unreasonably dangerous and defective when it was returned to them by Mr. Smith.

39. Based on what they knew or reasonably should have known as described above, the Defendants deviated from the principles of due care, deviated from the standard of care, and were otherwise negligent in failing to conduct those tests and studies necessary to determine that the rifle barrel conformed to all manufacturing specifications for a 6.5CM rifle barrel.

40. The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

41. The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendants' negligence.

42. Had Defendants performed those tests, examinations and inspections necessary to determine that the rifle barrel conformed to all manufacturing specifications for a 6.5CM barrel, Plaintiff would not have suffered the loss of vision and other damages described with particularity, above.

43. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered the permanent, partial loss of his vision, resulting in severe pain and discomfort, loss of the previously enjoyed use and function of his eyes, and would not have required multiple treatments to remove material fragments from his eyes. Plaintiff will also require future medical care for his eyes as he ages. In addition, Plaintiff has suffered lost wages, mental distress and anguish and has suffered permanent impairment of the use and function of his eyes and other damages.

## THIRD CAUSE OF ACTION
### (Punitive Damages)

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

45. The aforementioned actions were taken by Defendants willfully, maliciously, and with intentionally fraudulent conduct and that Defendants have acted with reckless indifference toward and with disregard for the rights of the Plaintiff, consistent with Utah Code Ann. § 78B-8-201 et seq.

46. Consequently, Plaintiff is entitled to an award of punitive damages against the Defendants in an amount to be determined at trial, but believed to be in excess of $1,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

     a.  An award of Five Hundred Thousand Dollars ($500,000) compensatory damages, plus interest, costs and attorneys' fees, under a theory of strict liability.

     b.  An award of Five Hundred Thousand Dollars ($500,000) compensatory damages, plus interest, costs and attorneys' fees, under a theory of negligence.

     c.  For a determination by the Court that Defendants' actions have been willful, malicious, and/or intentionally fraudulent or that the Defendants have acted with reckless indifference or disregard towards the rights of Plaintiff and awarding punitive damages of One Million Dollars ($1,000,000).

DATED: March 20, 2018


/s/ James P. Alder, Esq.
James P. Alder
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, UT 84106
*Attorney for Plaintiff*

Exhibit "B"

# PROOF OF SERVICE

**State of Utah**

**Daniel J. Williams**

    Plaintiff

vs.

**Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC**

    Defendant

Attorney:

James Alder
Alder Law Group
623 East 2100 South
Salt Lake City, UT. 84106

**Case Number:** 180901966

Legal documents received by Night Hawk Process Service & Investigations on March 16th, 2018 at 9:00 AM to be served upon **Black Hole Weaponry, LLC, c/o Gary R. Guelker, Resnick & Louis, P.C. at 222 South Main Street, 5th Floor, Salt Lake City, UT. 84101**

I, Cliff Griffis, swear and affirm that on **March 21st, 2018 at 3:15 PM**, I did the following:

Served the **corporation** listed as the intended recipient of the legal documents by delivering a conformed copy of the **Summons & Complaint** to **Lilly Ledesma** as **Legal Assistant/Attorney** of the within named corporation. The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am a resident of the State of Utah.

_Cliff Griffis_

**Cliff Griffis**
Process Server, # PI. Licence G102701

**Night Hawk Process Service & Investigations**
**P.O. Box 26051**
**Salt Lake City, UT 84126**

**(801) 989-2976**

Internal Job ID: 2018000050

Copyright © 2014 Process Server Central, LLC. US Pat. 8,396,765. All Rights Reserved.

*[handwritten:]* served- Lilly Ledesma / Legal Asst
Served Gary R. Guelker ⚡
Relationship Resnick & Louise P.C
Time 15:15     Date 3-21-18
Address 222 So. Main St. 5th floor
SLC, UT 84101
*[signature]*

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

## IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

## STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS<br><br>v.<br><br>BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | SUMMONS<br><br>Civil No. 180901966<br><br>Judge Patrick Corum |

THE STATE OF UTAH TO THE DEFENDANTS:

**Black Hole Weaponry**
**514 Milton Way**
**Saint Helens, OR 97051**

**Black Hole Weaponry, LLC**
**514 Milton Way**
**Saint Helens, OR 97051**

**Columbia River Arms, LLC**
**9367 Road 10 NE**
**Moses Lake, WA 98837**

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court, 450 South State St., Salt Lake City, UT 84114, and to serve on or mail to James P. Alder, attorney for plaintiff, at the above address, a copy of said answer within thirty (30) days after service of this Summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court, and a copy of which is hereby annexed and herewith served upon you.

DATED this  *15*  day of March, 2018

**ALDER LAW GROUP, P.C.**

/s/ James P. Alder
Attorney for Plaintiff

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS | COMPLAINT |
| v. | |
| BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | Civil No. 180901966 |
| | Judge Patrick Corum |

Plaintiff, DANIEL J. WILLIAMS, by and through his attorney, James P. Alder of Alder Law Group, P.C., hereby complains and alleges as follows:

**PARTIES**

1. Plaintiff, Daniel J. Williams, is a citizen of the State of Utah, residing at 6842 S. Cyclamen Dr., West Jordan, UT 84081.

2. Defendants Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC design and manufacture firearms components and related products, including rifle barrels. These Defendants held themselves out to the firearms community generally,

# PROOF OF SERVICE

### State of Utah

**Daniel J. Williams**

    Plaintiff

vs.

**Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC**

    Defendant

Attorney:

James Alder
Alder Law Group
623 East 2100 South
Salt Lake City, UT. 84106

**Case Number:** 180901966

Legal documents received by Night Hawk Process Service & Investigations on March 16th, 2018 at 9:00 AM to be served upon **Black Hole Weaponry c/o Gary R. Geulker, Resnick & Louis, P.C. at 222 Main Street, 5th Floor, Salt Lake City, UT. 84101**

I, Cliff Griffis, swear and affirm that on **March 21st, 2018 at 3:15 PM**, I did the following:

Served the **corporation** listed as the intended recipient of the legal documents by delivering a conformed copy of the **Summons & Complaint** to **Lilly Ledesma** as **Legal Assistant/Attorney** of the within named corporation. The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am a resident of the State of Utah.

*Cliff Griffis*
_____
**Cliff Griffis**
Process Server, # PI. Licence G102701

**Night Hawk Process Service & Investigations**
**P.O. Box 26051**
**Salt Lake City, UT 84126**

**(801) 989-2976**

Internal Job ID: 2018000049

Copyright © 2014 Process Server Central, LLC. US Pat. 8,396,765. All Rights Reserved.

*Served ← Lilly Ledesma-Legal Ass*

Served *Gary R. Guelker #*
Relation *Resnick & Louis P.C.*
Time *15:15*   Date *3-21-18*
Address *222 So. Main St, 5th Fl.*
*SLC, UT 84101*
*Child/Gibbs*

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS | SUMMONS |
| v. | |
| BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | Civil No. 180901966 Judge Patrick Corum |

THE STATE OF UTAH TO THE DEFENDANTS:

**Black Hole Weaponry**
**514 Milton Way**
**Saint Helens, OR 97051**

**Black Hole Weaponry, LLC**
**514 Milton Way**
**Saint Helens, OR 97051**

**Columbia River Arms, LLC**
**9367 Road 10 NE**
**Moses Lake, WA 98837**

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court, 450 South State St., Salt Lake City, UT 84114, and to serve on or mail to James P. Alder, attorney for plaintiff, at the above address, a copy of said answer within thirty (30) days after service of this Summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court, and a copy of which is hereby annexed and herewith served upon you.

DATED this _15_ day of March, 2018

                    **ALDER LAW GROUP, P.C.**

                    /s/ James P. Alder
                    Attorney for Plaintiff

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS | COMPLAINT |
| v. | |
| BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | Civil No. 180901966 Judge Patrick Corum |

Plaintiff, DANIEL J. WILLIAMS, by and through his attorney, James P. Alder of Alder Law Group, P.C., hereby complains and alleges as follows:

## PARTIES

1. Plaintiff, Daniel J. Williams, is a citizen of the State of Utah, residing at 6842 S. Cyclamen Dr., West Jordan, UT 84081.

2. Defendants Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC design and manufacture firearms components and related products, including rifle barrels.  These Defendants held themselves out to the firearms community generally,

# PROOF OF SERVICE

**State of Utah**

**Daniel J. Williams**

    Plaintiff

vs.

**Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC**

    Defendant

Attorney:

James Alder
Alder Law Group
623 East 2100 South
Salt Lake City, UT. 84106

**Case Number:** 180901966

Legal documents received by Night Hawk Process Service & Investigations on March 16th, 2018 at 9:00 AM to be served upon **Columbia River Arms, LLC, c/o Gary R. Guelker, Resnick & Louis, P.C. at 222 South Main Street, 5th Floor, Salt Lake City, UT. 84101**

I, Cliff Griffis, swear and affirm that on **March 21st, 2018 at 3:15 PM**, I did the following:

Served the **corporation** listed as the intended recipient of the legal documents by delivering a conformed copy of the **Summons & Complaint** to **Lilly Ledesma** as **Legal Assistant/Attorney** of the within named corporation. The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am a resident of the State of Utah.

*Cliff Griffis*

**Cliff Griffis**
Process Server, # PI. Licence G102701

**Night Hawk Process Service & Investigations**
P.O. Box 26051
Salt Lake City, UT 84126

**(801) 989-2976**

Internal Job ID: 2018000051

Copyright © 2014 Process Server Central, LLC. US Pat. 8,396,765. All Rights Reserved.

*served - Lilly Ledesma -legal Asst.*

Served *Gary R. Guelker* &
*Resnick & Lou.s pc*
Time *15:15*   Date *3-21-18*
Address *222 So. Main St. 5th*
*SLC, UT 84101*
*Clid Dill's*

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

### IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

### STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS | SUMMONS |
| v. | |
| BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | Civil No. 180901966 |
| | Judge Patrick Corum |

THE STATE OF UTAH TO THE DEFENDANTS:

**Black Hole Weaponry**
**514 Milton Way**
**Saint Helens, OR 97051**

**Black Hole Weaponry, LLC**
**514 Milton Way**
**Saint Helens, OR 97051**

**Columbia River Arms, LLC**
**9367 Road 10 NE**
**Moses Lake, WA 98837**

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court, 450 South State St., Salt Lake City, UT 84114, and to serve on or mail to James P. Alder, attorney for plaintiff, at the above address, a copy of said answer within thirty (30) days after service of this Summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court, and a copy of which is hereby annexed and herewith served upon you.

DATED this __15__ day of March, 2018

**ALDER LAW GROUP, P.C.**

/s/ James P. Alder
Attorney for Plaintiff

James P. Alder, Esq. 07798
ALDER LAW GROUP, P.C.
3216 S. Highland Dr., Ste. 201
Salt Lake City, Utah 84106
(801) 463-2600
ATTORNEY FOR PLAINTIFF

---

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| DANIEL J. WILLIAMS | COMPLAINT |
| v. | |
| BLACK HOLE WEAPONRY, BLACK HOLE WEAPONRY, LLC, and COLUMBIA RIVER ARMS, LLC | Civil No. 180901966 Judge Patrick Corum |

Plaintiff, DANIEL J. WILLIAMS, by and through his attorney, James P. Alder of Alder Law Group, P.C., hereby complains and alleges as follows:

## PARTIES

1. Plaintiff, Daniel J. Williams, is a citizen of the State of Utah, residing at 6842 S. Cyclamen Dr., West Jordan, UT 84081.

2. Defendants Black Hole Weaponry, Black Hole Weaponry, LLC and Columbia River Arms, LLC design and manufacture firearms components and related products, including rifle barrels.  These Defendants held themselves out to the firearms community generally,

Exhibit "C"

GARY R. GUELKER (8474)
**RESNICK & LOUIS, PC**
222 South Main Street, 5th Flr.
Salt Lake City, Utah 84101
Telephone:  801-960-3655
Email:  gguelker@rlattorneys.com
Attorneys for Defendant

**DISTRICT COURT OF THE STATE OF UTAH**
**THIRD JUDICIAL DISTRICT**
**SALT LAKE COUNTY**

| | |
|---|---|
| DANIEL J. WILLIAMS,<br><br>       Plaintiff,<br><br>  vs.<br><br>BLACK HOLE WEAPONRY, BLACK HOLE, LLC and COLUMBIA RIVER ARMS,<br><br>       Defendant. | **ANSWER AND JURY DEMAND**<br><br>Case Number 180901966<br>Judge Corum |

Defendants, by and through undersigned counsel, hereby answer plaintiff's complaint and admit, deny and otherwise allege as follows:

**FIRST DEFENSE**

Plaintiff's second amended complaint fails to state a claim against defendant upon which relief can be granted.

**SECOND DEFENSE**

In response to the individually numbered paragraphs of the second amended complaint, defendants:

1.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Admit the allegations in paragraphs 2, 3, 4 and 5.

3.      State that the allegations in paragraphs 6 and 7 are allegations of law, not fact, to which no response is required.  To the extent a response is required to the allegations in these paragraphs, the same are denied.

4.      Admit the allegations in paragraph 8.

5.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9, 10 and 11.

6.      In response to paragraph 12, admit that plaintiff contacted defendants regarding the barrel and that the barrel did not have a bolt nose recess.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.      Deny the allegations in paragraphs 13 and 14.

8.      In response to paragraph 15, admit that the barrel was shipped to defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16 and 17.

10.     Deny the allegations in paragraph 18.

11.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28.

12.     State that the allegations in paragraph 29 are allegations of law, not fact, to which no response is required.  To the extent a response is required to the allegations in this paragraph, the same are denied.

13.     Deny the allegations in paragraphs 30, 31, 32, 33, 34 and 35.

14.     In response to paragraph 36, defendants incorporate their responses to paragraphs 1 through 35 as if fully set forth herein.

15.      State that the allegations in paragraph 37 are allegations of law, not fact, to which no response is required.  To the extent a response is required to the allegations in this paragraph, the same are denied.

16.     Deny the allegations in paragraphs 38, 39, 40, 41, 42 and 43.

17.     In response to paragraph 44, defendants incorporate their responses to paragraphs 1 through 43 as if fully set forth herein.

18.     Deny the allegations in paragraphs 45 and 46.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff suffered no damages as a result of these defendants' conduct.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced to the extent plaintiff has failed to mitigate such damages.

### THIRD AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are governed by the Utah Liability Reform Act, defendants' liability, if any, is limited by Utah Code Ann. §78B-5-818(3) to the percentage or proportion of damages which is equivalent to the percentage or proportion of fault attributable to defendant, and the fault of all persons or parties who caused or contributed to any of the alleged damages of plaintiff should be apportioned, including the fault of plaintiff, the fault of all other defendants (whether such defendants have settled claims with plaintiff or otherwise), the fault of parties immune from suit, and the fault of all persons whether joined as a party to the action or not. Pursuant to Utah Code section 78B-5-819(1), Defendants request that the jury find separate special verdicts determining (1) the total amount of damages sustained (if any), and (2) the percentage or proportion of fault attributable to each person seeking recovery, to each defendant, to each party immune from suit, and to any person identified by a party pursuant to Utah Code Ann. §78B-5-821(4) and Utah R. Civ. P. 9(l).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused by conditions and/or individuals beyond these defendants' control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff's negligence or fault was equal to or greater than the negligence and fault, if any, of defendants, other defendants, persons immune from suit, and non-parties to whom fault is allocated.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages were the result of an intervening and/or superseding cause.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the manner in which the plaintiff used the relevant barrel was not foreseeable by the defendants.

## EIGHTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the parties' agreement.

## NINTH AFFIRMATIVE DEFENSE

There may be affirmative defenses of which defendants are currently unaware but which may be ascertained during discovery.  Defendants hereby incorporate any such defenses as if fully set forth herein.

## NOTICE OF INTENT TO ALLOCATE FAULT TO A NON-PARTY

Pursuant to Rule 9(l) of the Utah Rules of Civil Procedure, defendants hereby provide notice of their intent to allocate fault in this matter to the following non-parties:

Eric Smith
E.S. Tactical
3035 South Scott Lane, #112
West Haven, Utah 84401
385-238-4969

Defendants will assert that fault should be allocated to Eric Smith and his company, E.S. Tactical, based on Mr. Smith failure to properly assemble, install and test the relevant rifle barrel prior to its use on May 3, 2016.

WHEREFORE, defendants hereby request that plaintiff's complaint be dismissed with prejudice on the merits, that plaintiff take nothing thereby, that defendants be awarded their reasonable attorney's fees and costs incurred in connection with this action, and that defendants

be awarded such additional relief as the Court deems just and equitable.

## JURY DEMAND

Defendants hereby request a jury trial on all issues so triable.

DATED this 20th day of April 2018.

**RESNICK & LOUIS, PC**

By:   /s/ *Gary R. Guelker*
   GARY R. GUELKER
   *Attorneys for Defendants*